THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| MICHAEL SHEFCHECK | : | |
| 4369 W 10th St | : | |
| Cleveland, OH 44109 | : | |
| | : | |
| Plaintiff, | : | Case No. 1:21-cv-1512 |
| | : | |
| v. | : | JUDGE |
| | : | |
| BUCKEYE POWER SALES CO., INC. | : | MAGISTRATE JUDGE |
| 8465 Tower Drive | : | |
| Twinsburg, OH 44087 | : | **JURY DEMAND ENDORSED HEREON** |
| | : | |
| Defendant. | | |

## COMPLAINT

Plaintiff Michael Shefcheck ("Plaintiff"), for his Complaint against Defendant Buckeye Power Sales Co., Inc. ("Defendant"), hereby states as follows:

## PARTIES

1. Plaintiff is a resident of Cuyahoga County, Ohio.

2. Plaintiff brings this action to redress injuries committed against him as a result of Defendant's actions.

3. Defendant is a corporation registered to do business in the State of Ohio and conducts substantial business in the Northern District of Ohio.

4. Plaintiff was an "employee" as defined in Chapter 4112 of the Ohio Revised Code and Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq*. ("ADEA").

5. Defendant is an "employer" as defined in Chapter 4112 of the Ohio Revised Code Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq*. ("ADEA").

**JURISDICTION AND VENUE**

6. This action is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, *et seq.* ("ADEA"), the Ohio Laws Against Discrimination, R.C. Chapter 4112 ("Chapter 4112"), and 28 U.S.C. §1331. This Court's jurisdiction in this matter is also predicated upon 28 U.S.C. §1367 as this Complaint raises claims pursuant to the laws of Ohio, over which this Court maintains supplemental subject matter jurisdiction

7. Venue is proper in this forum pursuant to 28 U.S.C. §1391, because Plaintiff entered into an employment relationship with Defendant in the Northern District of Ohio, Plaintiff performed his job duties there, and Defendant is doing and has done substantial business in the Northern District of Ohio.

8. This Complaint is being timely filed within 90 days of Plaintiff's receipt of Notice of Right to Sue from the U.S. Equal Employment Opportunity Commission. (See, Notice of Right to Sue, attached hereto as Exhibit A.)

**FACTS**

9. Plaintiff's date of birth is August 30, 1960. At all times relevant herein, Plaintiff was over the age of forty (40).

10. Plaintiff began working for Defendant in December 2013 as a Sales Coordinator.

11. Plaintiff was qualified for his position. In addition to raises and promotions over the years, Plaintiff's performance reviews were consistently positive with "above average" ratings.

12. Plaintiff was also certified to sell Kohler Generators, one of Defendant's best-selling products. Plaintiff had to take a course and pass exams to receive the Kohler certification.

13. Plaintiff was terminated on January 29, 2021 when his position was eliminated in a restructure which targeted two out of eleven people: Plaintiff, who is sixty (60) years old, and a sixty-five (65) year-old colleague, Mike Sonnhalter.

14. All others on the sales support team are approximately forty-one years old and younger, and they were unaffected by the restructure.

15. Moreover, Greg Burkart, the only 65-year-old left in the department, is set to retire soon and Defendant, upon information and belief, is aware of that.

16. As a result of Plaintiff's termination and Mr. Burkart's retirement, the average age of the sales support team will decrease from 37.7 to 31.5 years.

17. At the time of Mr. Shefcheck's termination, 60% of the sales support team was under the age of 40, and outside of the protected class. Mr. Sonnhalter, the only other individual included in the reduction, was also in his sixties and within the protected class.

18. Plaintiff was presented with a severance package in exchange for a release of claims.

19. Defendant discriminated against Plaintiff because of his age by terminating his employment on January 29, 2021 in a restructure that targeted only two employees who were aged sixty years and older.

20. Employees outside of the protected class were not eliminated in the restructure. Upon information and belief, Plaintiff's qualifications, education and training make him more qualified for the position than those outside of the protected class and/or those that are significantly younger than him.

21. The circumstances surrounding Plaintiff's termination support an inference of discrimination, including but not limited to Plaintiff's age, his aforementioned qualifications

for his position, and/or persons significantly younger were treated more favorably than Plaintiff.

## COUNT I
### (Age Discrimination – R.C. 4112.02)

22. Plaintiff realleges herein each of the allegations contained in the preceding paragraphs of his Complaint as if fully restated herein.

23. Plaintiff was born on August 30, 1960 and, at all times relevant hereto, was over forty (40) years of age, and therefore a member of a protected group.

24. At all times relevant herein, Plaintiff was qualified for his position based on his education, experience, professional background, and certifications to sell Kohler products.

25. Defendant discriminated against Plaintiff on the basis of his age by terminating Plaintiff in a company restructure which targeted only employees over the age of sixty (60).

26. Defendant did not terminate employees who were under forty years of age, and outside of the protected class.

27. Some employees outside of the protected class lacked education, and experience in sales and qualifications, such as the Kohler certification. However, those employees were not eliminated in the restructure despite lacking such qualifications.

28. Defendant discriminated against Plaintiff on the basis of age by treating him less favorably than other younger employees in the terms and conditions of employment, in violation of Chapter 4112.02 of the Ohio Revised Code.

29. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and fringe benefits.

30. As a direct and proximate result of Defendant's conduct, Plaintiff suffered emotional distress including shame, humiliation, embarrassment, and mental anguish.

Case: 5:21-cv-01512-JRA  Doc #: 1  Filed: 08/03/21  5 of 7.  PageID #: 5

31. Defendant's conduct was willful, wanton, reckless and/or malicious for which Defendant is liable for all legal damages, including back pay, front pay, lost benefits, emotional distress, compensatory damages, attorneys' fees, costs and other relief available under Ohio Revised Code Chapter 4112, including, but not limited to punitive damages.

**COUNT II**
**(Age Discrimination – ADEA)**

32. Plaintiff realleges herein each of the allegations contained in the preceding paragraphs of his Complaint as if fully restated herein.

33. This claim is brought pursuant to the Age Discrimination in Employment Act of 1967, 29 U.S.C. §621, et seq., and as amended, for employment discrimination based on age.

34. Plaintiff was born on August 30, 1960 and, at all times relevant hereto, was over forty (40) years of age, and therefore a member of a protected group.

35. At all times relevant herein, Plaintiff was qualified for his position based on his education, experience, professional background, and certifications to sell Kohler products.

36. Defendant discriminated against Plaintiff because of his age by terminating Plaintiff in a company restructure which targeted only employees over the age of sixty. Defendant did not terminate employees who were under forty years of age, and outside of the protected class.

37. Some employees outside of the protected class lacked experience in sales and qualifications, such as the Kohler certification and a college degree. However, those employees were not eliminated in the restructure despite lacking such qualifications.

38. Defendant discriminated against Plaintiff on the basis of age by treating him less favorably than other younger employees in the terms and conditions of employment, in violation of the ADEA.

39. As a direct and proximate result of Defendant's conduct, Plaintiff has suffered and will continue to suffer lost wages and fringe benefits.

40. Defendant willfully discriminated against Plaintiff, in that Defendant knew or showed reckless disregard for the fact that its conduct was prohibited by the ADEA.

41. Defendant discriminated against Plaintiff on the basis of his age when it terminated him, treating Plaintiff less favorably than employees outside the protected group, in violation of the ADEA, entitling Plaintiff to the remedies contained therein, including but not limited to back pay, front pay, lost benefits, liquidated damages, and attorneys' fees and costs.

WHEREFORE, Plaintiff demands back pay, front pay, and benefits in an amount to be determined at trial, but in any event not less than $75,000.00, in compensatory damages, emotional distress damages, pre-judgment interest, post-judgment interest, costs, attorneys' fees and any and all other relief, which the Court deems just and appropriate.

Respectfully submitted,

/s/ Rachel Sabo Friedmann
Rachel A. Sabo (0089226)
(*Rachel@thefriedmannfirm.com*)
Jamie R. Bailey (0099789)
(*Jamie@thefriedmannfirm.com*)
Peter G. Friedmann (0089293)
(*Pete@thefriedmannfirm.com*)
**The Friedmann Firm LLC**
1457 S. High Street
Columbus, OH 43207
614-610-9757 (Phone)
614-737-9812 (Fax)

*Attorneys for Plaintiff*

## JURY DEMAND

Plaintiff hereby requests a jury of at least eight (8) persons.

/s/ Rachel Sabo Friedmann
Rachel Sabo Friedmann (0089226)
